UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**SYLVESTER BROWN**                           **CIVIL ACTION NO. 23-0066**

                                              **SECTION P**

**VS.**

                                              **JUDGE DAVID C. JOSEPH**

**MADISON CORRECTIONAL CENTER**               **MAG. JUDGE KAYLA D. MCCLUSKY**
**BUILDING 4, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Sylvester Brown, a prisoner at Madison Parish Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately January 13, 2023, under 42 U.S.C. § 1983. He names the following defendants: Madison Correctional Center Building 4 ("MCCB"), Warden Chris Stinson, Major Tommy Farmer, and James Jenkins.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that MCCB does not have an accessible law library and, as a result, he lacks case law and other legal resources "needed to prepare and properly file meaningful legal papers." [doc. # 1-2, p. 1]. He faults Warden Stinson and Major Farmer, alleging that they are responsible for MCCB "not having an accessible law library [or] adequate legal assistance . . . ." [doc. # 5, pp. 5-6].

Plaintiff also claims that he lacks help from a person trained in the law. [doc. # 1-2, pp. 1-2]. He filed an application for post-conviction relief in a state trial court, which the court

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

denied on October 7, 2022, because Plaintiff's allegations were conclusory and did "not specify with reasonable particularity the factual basis to support any of his claims." [doc. #s 1-2, pp. 1-2; 1-3, p. 12].

Plaintiff suggests that he did not obtain post-conviction relief because he did not "know how to properly file his post-conviction application" and lacked "adequate help from persons trained in the law" who "would provide him with the legal resources needed to properly file his legal documents when needed." [doc. # 1-2, p. 2]. In an amended pleading, Plaintiff alleges that the state court dismissed his post-conviction application because: (1) he did not meet a technical requirement that he could not have known about due to insufficient legal assistance; (2) he "was unable to clearly establish his post-conviction claims for relief because of weaknesses in the facility's legal access program"; and (3) he was unable to successfully file his application. [doc. # 5, pp. 6-8].

Plaintiff claims that James Jenkins, the inmate counsel in his building, told him that he was serving "over 500 people," that Plaintiff "was not a priority to him, and that he would get around to helping Plaintiff when he could if possible." [doc. # 5, p. 3]. Plaintiff clams that Jenkins violated his right to legal assistance. *Id.* at 4.

Plaintiff faults Major Tommy Farmer, alleging that Farmer ignored his requests "to utilize a law library and/or receive legal assistance for the purpose of preparing his post-conviction application for relief." [doc. # 5, p. 3]. To date, Farmer has not responded to his requests. *Id.*

Plaintiff faults Warden Chris Stinson for failing to respond to his grievances concerning lack of legal assistance. [doc. # 5, pp. 4-5].

Finally, Plaintiff states that he is "in urgent need of access to legal resources for the purpose of preparing a review of the state court's dismissal of his application for post-conviction relief." [doc. # 5, p. 8].

Plaintiff seeks to enjoin defendants to open a law library in MCCB, create a legal access program "that can train other offenders in the matters of law and judicial matters alike for the purpose of the defendant having more than one (1) substitute inmate counsel[,]" refrain from retaliating against him for filing this proceeding, and transfer him to another facility. [doc. # 1-2, pp. 2-3].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

3

"based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*.  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id.*  "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).  Courts are "not free to speculate that the plaintiff 'might' be able to state

a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Access to Court**

To succeed on a claimed denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *Lewis v. Casey*, 518 U.S. 343, 356 (1996); *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (holding that to state a claim of denial of access to the courts, a plaintiff must demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access). "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002).

The "injury requirement is not satisfied by just any type of frustrated legal claim." *Lewis*, 518 U.S. at 353. Rather, a plaintiff must demonstrate that the lack of access prevented him from

5

filing or caused him to lose a pending case that attacks either his conviction or seeks "to vindicate 'basic constitutional rights'" in a civil rights action. *Id.* at 353-54 (*quoting Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)).

"Denial-of-access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official action has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (*quoting Christopher*, 536 U.S. at 413-14).

"To maintain a backward-looking claim, a plaintiff must identify (1) a nonfrivolous underlying claim; (2) an official act that frustrated the litigation of that claim; and (3) a remedy that is not otherwise available in another suit that may yet be brought." *United States v. McRae*, 702 F.3d 806, 830-31 (5th Cir. 2012); *see Christopher*, 536 U.S. at 413-14 (("These cases do not look forward to a class of future litigation, but backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable.").

With respect to the inability to access a library or a claim that a library was deficient, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. "He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a

complaint." *Id.* "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* The "inmate must show that a nonfrivolous, arguable claim he wished to bring has been lost or rejected due to the deficiency or that the deficiency is currently preventing his presentation of such a claim." *Sanchez v. Stephens*, 689 F. App'x 797, 799 (5th Cir. 2017).

Here, Plaintiff first presents a 'backward-looking claim,' alleging that the lack of an adequate or accessible law library and inmate counsel caused the state court to deny his application for post-conviction relief. Plaintiff formulaically alleges that the state court dismissed his post-conviction application because: (1) he did not meet a technical requirement that he could not have known about due to insufficient legal assistance;[3] (2) he was unable to clearly establish his post-conviction claims for relief "because of weaknesses in the facility's legal access program"; and (3) he was unable to successfully file his application. [doc. # 5, pp. 6-8].

The state court did note that Plaintiff failed to submit his application with "the required copy of the judgment[,]" allege "that he requested the judgment and [was] denied access[,]" and provide docket numbers in his pleadings. [doc. # 1-3, pp. 11-12]. However, the state court ultimately denied Plaintiff's application because his allegations were conclusory and did "not specify with reasonable particularity the factual basis to support any of his claims." [doc. #s 1-2, pp. 1-2; 1-3, p. 12]. The court stated, "Petitioner did not attach any supporting information, nor did he provide any facts to support these claims." [doc. # 1-3, p. 12]. The court dismissed the

---

[3] Plaintiff's statement parrots a phrase from *Lewis v. Casey*, 518 U.S. 343, 351 (1996): "[A claimant] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known."

7

application in "accordance with" LA. CODE CRIM. PROC. art. 928, which states that an application for post-conviction relief "may be dismissed without an answer if the application fails to allege a claim which, if established, would entitle the petitioner to relief." The court also stated that Plaintiff did not detail "the facts as required by" LA. CODE CRIM. PROC. art. 926(B)(3), which states that "[t]he petition shall allege: . . . A statement of the grounds upon which relief is sought, specifying with reasonable particularity the factual basis for such relief[.]"

Thus, Plaintiff *was* able to file his application in the state court. And the state court did not dismiss Plaintiff's claims for failure to meet a technical requirement; rather, Plaintiff failed to provide factual bases—of which he was undoubtedly aware—for his claims. Otherwise stated, Plaintiff does not plausibly allege that the lack of access to a law library or inmate counsel caused him to lose his post-conviction claims; rather, he lost because he did not present the factual bases for his claims. *See Harlan v. McLennan Cnty.*, 2022 WL 16570024, at *1 (5th Cir. Nov. 1, 2022) ("Harlan needed only to provide actionable facts at that juncture to survive dismissal, not legal argument, and does not meaningfully explain why the lack of assistance from the paralegal program or inadequate writing supplies prevented him from doing so."). An adequate, accessible law library would not contain the factual bases for Plaintiff's state court claims. In addition, Plaintiff does not plausibly allege that he could not present his facts to the state court absent an inmate counsel's assistance.

Further, Plaintiff does not allege how access to the law library would have aided him, "how he would have proceeded with access to a law library," what specific cases or law he would have cited if he had access to the law library, "or how [his] claims would have been meritorious." *See Hopkins v. Ogg*, 2019 WL 3761360, at *3 (5th Cir. Aug. 8, 2019). He does not demonstrate that any alleged "shortcomings in the library or legal assistance program

8

hindered his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *see Pickett v. Nunn*, 2009 WL 899769, at *2 (N.D. Tex. Apr. 2, 2009), *aff'd,* 367 F. App'x 536 (5th Cir. 2010) ("Pickett does not allege that he was prevented from making the factual allegations in each suit due to the lack of records, rather he contends the records would have confirmed his claims that dates were falsified."). Plaintiff does not "demonstrate that his position as a litigant was prejudiced as a direct result of the denial of access to either a law library or inmate counsel."

To the extent Plaintiff claims that his lack of access to the library affected his ability to research the claims he raised in the habeas corpus application, "there is no constitutional right to 'be able to conduct generalized research.'" *Douthit v. Dean*, 568 F. App'x 336, 337 (5th Cir. 2014) (*quoting Lewis,* 518 U.S. at 351) (reasoning that the plaintiff's "motion alleged that the library's deficiencies would cause immediate harm to his case, [but] he did not specify how the case would be harmed. For example, he did not allege that he was unable to draft an adequate complaint or other pleading without the missing volumes."). There is no "abstract, freestanding right to a law library or legal assistance." *Lewis*, 518 U.S. at 351.

Moreover, Plaintiff suggests that he intends to continue litigating/exhausting his post-conviction claims in the state courts, stating that he intends to file a "review of the state court's dismissal of his application."[4] [doc. # 5, p. 8]. To the extent Plaintiff maintains that he has not yet lost the ability to pursue and obtain relief for his claims before the state appellate courts, his access-to-court claim is premature: he has not identified "a remedy that is not otherwise available in another suit that may yet be brought." *See Waller v. Hanlon*, 922 F.3d 590, 602 (5th Cir. 2019) (finding that the plaintiffs did not identify a remedy that is not otherwise available in

---

[4] Plaintiff alleges that he needs "legal resources" to prepare a "review of the state court's dismissal[.]" [doc. # 5, p. 8]. The undersigned addresses this ostensible 'forward-looking' access-to-court claim below.

another suit that may yet be brought because the plaintiffs were actively litigating their underlying claim, because it was "too early to say" that the plaintiffs' underlying claim was compromised, and because the plaintiffs had yet to suffer a "concrete setback traceable to the defendants'" actions); *Palmer v. Daniel*, 568 F. App'x 302, 303 (5th Cir. 2014) ("Further, the record reflects that Palmer's habeas applications remain pending before the state court. Thus, Palmer has not shown that he was precluded from filing his applications or that he has sustained any actual prejudice in the habeas proceedings."); *Green v. Lampert*, 192 F.3d 125 (5th Cir. 1999) ("The magistrate judge's conclusion that Green has shown no prejudice is correct. . . . Green's own allegations reflect that during the relevant period of incarceration, he still had pending a state habeas application.").[5]

    Next, Plaintiff appears to present a 'forward-looking claim,' alleging that he is "in urgent need of access to legal resources for the purpose of preparing a review of the state court's dismissal of his application for post-conviction relief." [doc. # 5, p. 8]. Plaintiff, however, does not sufficiently describe any official act frustrating his ability to transmit or file an appeal or request for review of the state court's dismissal of his application. He tacitly suggests that he is unable to prepare an appeal or request for review, but he does not specify what he needs from the law library or inmate counsel to prepare his appeal or request for review. Rather, he vaguely alleges that he needs "legal resources." To reiterate, "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is

---

[5] "There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

subpar in some theoretical sense." [6] *Lewis*, 518 U.S. at 351.

The Court should dismiss Plaintiff's claims.

### 3. Responding to Grievances

Plaintiff claims that Major Tommy Farmer and Warden Chris Stinson have not responded to his requests and grievances. To the extent these claims are distinct from his access-to-court claims above, he does not plead plausible constitutional violations.

A prisoner does "not have a constitutional right to have his grievances resolved in his favor or to have his claims reviewed pursuant to a grievance process that is responsive to his perceived injustices . . . ." *Burgess v. Reddix*, 609 F. App'x 211 (5th Cir. 2015); *see Alexander v. Texas Dep't of Criminal Justice*, 2020 WL 826452, at *2 (5th Cir. Feb. 20, 2020) (affirming dismissal of a claim that grievances were mishandled or improperly denied because "prisoners have no due process rights in the inmate grievance process.").

In *Sandin v. Conner*, 515 U.S. 472, 475 (1995), the Supreme Court left prisoners without a federally-protected right to have grievances investigated and resolved. *See Taylor v. Cockrell*, 92 Fed. App'x. 77, 78 (5th Cir. 2004) (holding that "claims that the defendants violated his constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) ("[The plaintiff] does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. . . . [A]ny alleged due process violation arising from the alleged failure to

---

[6] Tellingly, Plaintiff *was* able to prepare his initial application before the trial court while allegedly lacking access to a law library and inmate counsel. And as above, he did not lose because of his lack of access to legal resources.

11

investigate his grievances is indisputably meritless."). Here, accordingly, the Court should dismiss Plaintiff's claims.[7]

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Sylvester Brown's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 8th day of February, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge

---

[7] *See Aucoin v. Terrebonne Par. Sheriff's Off.*, 2022 WL 16657429, at *2 (5th Cir. Nov. 3, 2022) ("[T]o the extent he argues that the inadequate grievance procedure denied his right to access the courts, he does not explain how he was unable to prepare and transmit legal documents, allege that he was prejudiced, or explain how he was prevented from filing a nonfrivolous legal claim.").